IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PEACE ELLUVASION ALLAH CUSH-EL,   )
                                   )
            Plaintiff,             )
                                   )
       v.                          )      1:16CV176
                                   )
STATE OF PENNSYLVANIA, et al.,     )
                                   )
            Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a pretrial detainee housed in the Davidson County Jail in Lexington, North Carolina, submitted a pro se complaint and a mass of accompanying papers in which he seeks a default judgment against the State of Pennsylvania and its Department of Health based on alleged fraud related to his birth certificate. He mixes various statements regarding commercial law with legal jargon, with all of his claims and arguments apparently based on his contention that he is an "Aboriginal," an "Aboriginal Minister," or a member of the "Aboriginal Republic of North America," "Aboriginal-Choctow Tribe (Xi-Amaru)," or similarly named entities. His exhibits include various declarations that Plaintiff is a member of the previously mentioned groups and of "Moorish" descent.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

-2-

Case 1:16-cv-00176-TDS-LPA   Document 2   Filed 03/10/16   Page 2 of 5

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and because it fails to state a claim on which relief may be granted.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

As set out above, Plaintiff recites claims that consist largely of incomprehensible ramblings composed of commercial and legal doctrines. He mentions negotiable instruments and contracts, but does not identify the instruments or contracts to which he refers. He also alleges commercial fraud at certain points, but sets out no supporting facts. Any claim that Plaintiff is an Aboriginal or of Moorish descent, entitles him to no relief. In a previous case, the Court recently warned Plaintiff that "claims based on Moorish Nationality, as reflected in his filings, are frivolous and will not be tolerated in this court." Cush-El v. State of North Carolina, No. 1:15CV1111 (M.D.N.C. Feb. 12, 2016) (unpublished). It appears likely that Plaintiff received that warning before submitting his current filing. However, even if he did not, the statement remains true. Plaintiff's filings based on his Moorish descent or any other claimed ethnic or national status are frivolous. The Complaint should be dismissed accordingly.

*In forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

This, the 10th day of March, 2016.

                                  /s/ L. Patrick Auld
                                  **L. Patrick Auld**
                                **United States Magistrate Judge**